United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51282
Summary Calendar

JACK FINGER, ET AL.,

Plaintiffs,

JACK FINGER; NAZIRITE RUBEN FLORES PEREZ; TIM BUSHACKER; RON
SCHULTZ; JAMES LANGFORD; CHARLES ELLEY; WILLIAM MANUEL; DAVID
BENAVIDES; ELOISE BENAVIDES; ANDREA BARLOW,

Plaintiffs-Appellants,

versus

ED GARZA, Mayor, City of San Antonio, Individually and in his
official capacity; CITY OF SAN ANTONIO, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-956
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jack Finger, Nazirite Ruben Flores Perez, and other plaintiffs
appeal the grant of summary judgment in their 42 U.S.C. § 1983 suit
in favor of Mayor Ed Garza and the City of San Antonio. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plaintiffs argue that genuine issues of material fact existed as to their claim that their First Amendment rights had been infringed when Finger and Perez were not allowed to speak at public meetings regarding an annexation issue. The plaintiffs' conclusory allegation that Garza was "probably" motivated to stop them from speaking to prevent criticism of the annexation plan is insufficient to defeat summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, the plaintiffs' argument that they were denied their right to make three-minute statements as provided by City Ordinance No. 93921 because that ordinance was arbitrarily applied to them fails. The plaintiffs offered no evidence to rebut the record evidence that the annexation plan was listed as an agenda item, and thus that Ordinance No. 93921's content-neutral speaking limitation applied. Because they concede that Ordinance No. 93921 is a reasonable time, place, and manner restriction on the freedom of speech, summary judgment for Garza on this claim was proper. See Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45-46 (1983).

The plaintiffs also argue that Garza unreasonably deprived them of their right to speech guaranteed by TEX. LOC. GOV'T CODE §§ 43.0561, 43.124(a). Grant of summary judgment for the defendants regarding the plaintiffs' claims that state law had been violated was proper. See Cousin v. Small, 325 F.3d 627, 631 (5th Cir.), cert. denied, 124 S. Ct. 181 (2003).

The plaintiffs argue that their due process rights were

2

violated because they had a right to speak under TEX. LOC. GOV'T CODE § 43.124(a) and Ordinance No. 93921. Summary judgment was proper because the record supports the conclusion that Perez and Finger were denied the opportunity to speak about the annexation issue because they had used up their allotted time speaking about other agenda items.

The plaintiffs also argue that their equal protection rights were infringed because everyone else was allowed to comment on the annexation plan. However, the plaintiffs have offered no evidence to show that similarly situated people, i.e., people who also had used up their speaking limit under Ordinance No. 93921, were allowed to speak regarding annexation. See Wheeler v. Miller, 168 F.3d 241, 252 (5th Cir. 1999).

Finally, the plaintiffs argue that Garza was not entitled to qualified immunity and that the City was liable for Garza's unconstitutional acts. These arguments fail because the plaintiffs have not shown the violation of a constitutional right. See Cantu v. Jones, 293 F.3d 839, 845 (5th Cir. 2002).

AFFIRMED.